### JULIUS C. CLOUD ET AL V. DAVID PELLER.

**Replacing Foundations and Walls of Leased Building not Repairs.**
> The necessary replacing of foundations and walls of a leased building are not in the nature of repairs, and the lessee is entitled to a rebatement of rent for so much of the building as he was obliged to surrender possession of during the time such rebuilding was in progress.

ERROR.

*C. H. Hoffmeister*, for plaintiff in error.

*Horstman & Horstman*, for defendant in error.

## JONES, O. B., J.

The leased building having been so damaged by the settling of its foundation that it became necessary to reconstruct a material part of it by reason of an order from the city building inspector requiring such work to be done, said work was done by lessors under an agreement between lessors and lessee by which it was provided that the lessee would continue to occupy all of the building not rendered untenantable by reason of such damages and reconstruction, retaining five dollars per month as the value of such unused portion, pending its reconstruction; and that the question as to whether it was the duty of the landlord or of the tenant to pay the cost of said work, should be determined by the courts. If it should be decided that it was the duty of the tenant to pay such cost then he would also pay the portion of the rental retained; but if it should be determined that it was the duty of the landlord to pay such costs, then the

tenant should be deemed to have paid the rent in full for the period during which he was unable to occupy the entire building; and it was provided that the rights of said parties should be in no way prejudiced by said arrangement.

In the opinion of the court this work of taking out and rebuilding the foundations and walls of the house as done under the agreement could not be considered in the nature of repairs which in the contemplation of the parties were to be made by the lessee under the provisions of his lease, and he is not liable for the cost thereof. Said provision is as follows:

"Lessors agree to keep the roofs and down spouts of the 2 1-2 story brick residence in good repair during the term of this lease; all other repairs to be made by said lessee at his expense."

The terms of Sec. 8521 G. C., apply, and the lessee might have surrendered possession of the entire property upon such material portion thereof becoming unfit for occupancy. Instead of so doing the agreement above set out was entered into, and under its terms the lessee is relieved from the payment of that part of the rent deemed an equivalent for so much of the premises as he was unable to use.

The judgment is therefore affirmed.

Jones, E. H. and Gorman, JJ., concur.